UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MAYA PETTIGREW, on behalf of herself
and on behalf of all others
similarly situated,

    Plaintiff,

v.                                       CASE NO.:

INSPIRED PARTNERS, LLC
d/b/a AVA RESTAURANT,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, MAYA PETTIGREW ("Plaintiff"), by and through undersigned counsel, on behalf of herself and on behalf of all others similarly situated, brings this action against Defendant, INSPIRED PARTNERS, LLC d/b/a AVA RESTAURANT ("Defendant"), and in support of her claims states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay a minimum wage. This Complaint is filed as a collective action under 29 U.S.C. § 216(b).

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida, which lies within the Middle District.

## PARTIES

4. Plaintiff is a resident of Hillsborough County, Florida.

5. Defendant INSPIRED PARTNERS, LLC d/b/a AVA RESTAURANT operates a restaurant in Tampa, in Hillsborough County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Named Plaintiff MAYA PETTIGREW was employed by Defendant as a hostess/cashier.

10. The putative collective of similarly situated employees consists of all other hostesses and/or cashiers employed by Defendant within the last three years. These similarly situated persons will be referred to as "Members of the Collective" or "the Collective."

11. At all times material hereto, Plaintiff and Members of the Collective were "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such were subject to the individual coverage of the FLSA.

12. At all times material hereto, Plaintiff and Members of the Collective were "employees" of Defendant INSPIRED PARTNERS, LLC d/b/a AVA RESTAURANT within the meaning of the FLSA.

13. At all times material hereto, Defendant INSPIRED PARTNERS, LLC d/b/a AVA RESTAURANT was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

14. Defendant INSPIRED PARTNERS, LLC d/b/a AVA RESTAURANT continues to be an "employer" within the meaning of the FLSA.

15. At all times material hereto, Defendant INSPIRED PARTNERS, LLC d/b/a AVA RESTAURANT was and continues to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

16. At all times relevant to this action, Defendant INSPIRED PARTNERS, LLC d/b/a AVA RESTAURANT engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

17. At all times relevant to this action, the annual gross sales volume of Defendant INSPIRED PARTNERS, LLC d/b/a AVA RESTAURANT exceeded $500,000 per year.

18. Plaintiff and the Collective were not employed by Defendant in a bona fide administrative, executive, or professional capacity. In particular, Plaintiff and Members of the Collective had no authority to hire or terminate any other employee of Defendant; they had no special or professional qualifications and skills for the explicit

use of which they were employed by Defendant; and they had no control whatsoever over Defendant's business operations, even from an administrative standpoint.

19. Thus, Plaintiff and Members of the Collective are "non-exempt employees" who are covered by the FLSA.

20. At all times material hereto, the work performed by Plaintiff and Members of the Collective was directly essential to the business performed by Defendant.

## FACTS

21. Plaintiff MAYA PETTIGREW began working for Defendant as a hostess/cashier in January 2018, and she worked in this capacity until July 2018.

22. At all times material hereto, Plaintiff and Members of the Collective worked hours at the direction of Defendant, and they were not paid at least the applicable minimum wage for all of the hours that they worked.

23. Defendant takes a tip credit, allowing it to pay its tipped employees less than the Federal minimum wage and relying on customer tips to satisfy the difference between the hourly wage and the minimum wage.

24. Defendant kept tips received by its employees by requiring Plaintiff and similarly situated employees to split their tips with employees working as cooks, a traditionally non-tipped position and managers.

25. Defendant is not eligible to take the tip credit for hours worked by Plaintiff and similarly situated employees, and further, has diverted tips hic are the property of the Plaintiff and similarly situated employees, to persons who did not earn the tips.

26. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

27. Plaintiff brings this case as an "opt-in" collective action on behalf of similarly situated employees of Defendant (the "Collective") pursuant to 29 U.S.C. § 216(b). The Collective is composed of hostesses and/or cashiers whom Defendant failed to compensate for all overtime hours worked in accordance with the FLSA.

28. Therefore, notice is properly sent to: "All hostesses and/or cashiers whom Defendant failed to compensate for all of the overtime hours that they worked from March 2016 to the present."

29. The total number and identities of the Collective members may be determined from the records of Defendant, and the Collective may easily and quickly be notified of the pendency of this action.

30. Plaintiff's experience with Defendant's payroll practices is typical of the experiences of the Collective.

31. Defendant's failure to pay all wages due at a rate that was at least equal to the applicable statutory minimum wage is common to the Collective.

32. Defendant's practice of requiring tipped employees to share tips with traditionally non-tipped employees is common to the Collective.

33. Overall, Plaintiff's experience as a hostess/cashier who worked for Defendant is typical of the experience of the Collective.

34. Specific job titles or job duties of the Collective do not prevent collective treatment.

35. Although the issues of damages can be individual in character, there remains a common nucleus of operative facts concerning Defendant's liability under the FLSA in this case.

## COUNT I – FLSA MINIMUM WAGE VIOLATION

36. Plaintiff realleges and readopts the allegations of paragraphs 1 through 35 of this Complaint, as though fully set forth herein.

37. During the statutory period, Plaintiff and the Collective worked for Defendant, and they were not paid the applicable federal minimum wage for the hours that they worked, as mandated by the FLSA.

38. Defendant failed to compensate Plaintiff and the Collective at a rate that was at least equal to the applicable federal minimum wage.

39. The Members of the Collective are similarly situated because they were all employed as hostesses and/or cashiers by Defendant, were compensated in the same manner, and were all subject to Defendant's common policy and practice of failing to pay its hostesses and/or cashiers at a rate that was at least equal to the applicable federal minimum wage, in accordance with the FLSA.

40. Defendant unlawfully diverted property of Plaintiff and similarly situated employees to others, specifically tips earned by them.

41. This reckless practice violates the provisions of the FLSA, specifically 29 U.S.C. § 206(a)(1)(C). As a result, Plaintiff and the Members of the Collective who have

opted in to this action are each entitled to an amount equal to their unpaid minimum wages as liquidated damages.

42. All of Defendant's conduct, as alleged and described above, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

43. As a result of the foregoing, Plaintiff and the Collective have suffered damages.

**WHEREFORE**, Plaintiff and all similarly situated employees who join this collective action demand:

(a) Designation of this action as a collective action on behalf of the Plaintiff and the prospective Collective that she seeks to represent, in accordance with the FLSA;

(b) Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA putative collective, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b);

(c) Equitable tolling of the statute of limitations from the date of the filing of this complaint until the expiration of the deadline for filing consent to sue forms under 29 U.S.C. § 216(b);

(d) Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by this Court;

(e) Judgment against Defendant for an amount equal to the unpaid minimum wages of Plaintiffs and all opt-in Members of the Collective and compensation for funds improperly diverted by Defendant in its management of a "tip pool";

(f) A declaratory judgment stating that the practices complained of herein are unlawful under the FLSA;

(g) Judgment against Defendant for an amount equal to the unpaid back wages of Plaintiff and opt-in Members of the Collective at the applicable statutory minimum wage, as liquidated damages;

(h) Judgment against Defendant stating that its violations of the FLSA were willful;

(i) To the extent liquidated damages are not awarded, an award of prejudgment interest;

(j) All costs and attorney's fees incurred in prosecuting these claims; and

(k) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 11th day of April, 2019.

                                          Respectfully submitted,

                                          /s/ Wenzel
                                          **DONNA V. SMITH**
                                          Florida Bar Number: 661201
                                          **WENZEL FENTON CABASSA, P.A.**
                                          1110 North Florida Avenue, Suite 300
                                          Tampa, Florida  33602
                                          Main Number: 813-224-0431
                                          Direct Dial: 813-386-0995
                                          Facsimile: 813-229-8712
                                          Email: dsmith@wfclaw.com
                                          Email: rcooke@wfclaw.com
                                          **Attorneys for Plaintiff**